Plummer WILLIAMS, Petitioner–Appellant,

v.

K.W. PRUNTY, Warden; Attorney General of the State of California, Respondents–Appellees.

No. 99–55312.

D.C. No. CV–96–00176–RAP–AN.

United States Court of Appeals, Ninth Circuit.

Submitted May 11, 2001 *.

Decided May 16, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.

R.App. P. 34(a)(2).

Before McKEOWN, FISHER and HAGEN,** Circuit Judges.

MEMORANDUM ***

Plummer Williams appeals the district court's denial of his habeas petition and asks this court to reconsider its earlier denial of his motion for a broader certificate of appealability (COA). The district court had jurisdiction under 28 U.S.C. § 2254, and we have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We affirm.

** Honorable David Warner Hagen, United States District Judge for the United States District Court for Nevada, sitting by designation.

We first consider whether the district court erred in denying Williams habeas relief based upon ineffective assistance of counsel. Williams argues that he was prejudiced by his counsel's failure to object to or move to exclude the incriminating statement that he tied the victim's ankles on the basis that the statement was obtained in violation of his right to remain silent. Without determining whether counsel's performance was deficient, we conclude that Williams is not entitled to habeas relief because he was not prejudiced by these errors. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

At trial, the jury heard Dyas testify that Williams tied the victim's ankles, pulled down her pants, and choked her with twine. It also heard Boyd testify that Williams searched the victim's bag and that Williams declined to leave the residence while saying something about money. Because of this additional evidence, Williams has not shown that, absent the incriminating statement, the outcome of his trial would have been different. *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052.

Williams also contends there was insufficient evidence to corroborate Dyas' testimony under California law. However, state laws requiring corroboration do not raise constitutional concerns that can be addressed on habeas review. *Laboa v. Calderon,* 224 F.3d 972, 979 (9th Cir.2000); *Harrington v. Nix,* 983 F.2d 872, 874 (8th Cir.1993). Consequently, Williams is entitled to habeas relief only if a state court arbitrarily deprived him of a state-law entitlement. *Laboa,* 224 F.3d at 979.

California Penal Code § 1111 requires only slight corroborative evidence. *People v. Fauber,* 2 Cal.4th 792, 9 Cal.Rptr.2d 24,

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

831 P.2d 249, 273 (1992). As the California Court of Appeal and district court correctly noted, evidence required by § 1111 need not corroborate every fact to which the accomplice testified and is sufficient if it connects the defendant with the crime in a way that satisfies the jury that the accomplice is telling the truth. *Id.*

Williams was not arbitrarily deprived of a due process right under California law. Based upon our review of the record, we conclude that Dyas' testimony was sufficiently corroborated and that the evidence was sufficient to connect Williams with the murder.

Finally, we construe Williams' request to reconsider the denial of his request to expand the COA as a motion to broaden the COA. Because Williams failed to make a substantial showing that he has been denied a constitutional right with respect to the jury instruction at issue, we decline to broaden his COA. 28 U.S.C. § 2253; *see also Estelle v. McGuire,* 502 U.S. 62, 72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).

AFFIRMED.